## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Aaliyah Aguilo, et al.,

       Plaintiffs

                            Case No.: _____

v.

Cognizant Technology Solutions
U.S. Corporation,

       Defendant.

_____/

## NOTICE OF REMOVAL

       Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action, Case No. 21-CA-006151, from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida Tampa Division. Removal is proper because this Court has diversity jurisdiction. Alternatively, removal is proper because the Court has jurisdiction over this "mass action" under the Class Action Fairness Act ("CAFA"). Cognizant has satisfied all requirements for removal. Cognizant states as follows in support of this Notice:

### BACKGROUND

       1.     Plaintiffs, 131 individuals, initiated this action on July 27, 2021, by filing a two-count Complaint against Cognizant in the Circuit Court of the

Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "Complaint").

2.     Pursuant to Florida Rule of Civil Procedure 1.070, Cognizant waived formal service of process and is deemed served as of July 27, 2021, when Cognizant received a copy of the Complaint and Plaintiffs' request for waiver of service.

3.     Cognizant was previously in the business of providing content moderation services to Facebook, Inc. ("Facebook"). To provide those services, Cognizant hired employees to review online material to determine whether it violated Facebook's terms of use. The Plaintiffs in this action allege they were employed by Cognizant to moderate content posted on Facebook. (Compl. ¶ 14.)

4.     The Plaintiffs in this lawsuit have asserted claims against Cognizant seeking to recover damages and medical monitoring related to psychological, physical, and other monetary injuries they allegedly suffered as a result of reviewing content while employed by Cognizant.

### The Prior Federal Lawsuit

5.     On February 5, 2020, 13 of the Plaintiffs in this lawsuit asserted a putative class action against Cognizant and Facebook in state court. Cognizant removed the class action to the United States District Court for the Middle District of Florida. (*Garrett et al. v. Facebook, Inc., et al.*, Case No. 8:20-cv-00585 (M.D. Fla. 2020)) (the "Federal Lawsuit").[1]

6.     The plaintiffs in the Federal Lawsuit did not challenge the removal.

---

[1] The operative complaint in the Federal Lawsuit is attached as Exhibit A.

7.      The plaintiffs in the Federal Lawsuit purported to represent a class of former employees of Cognizant who provided content moderation services for Facebook, which would include all Plaintiffs in this lawsuit. (Ex. A, ¶¶ 3, 11.)

8.      The plaintiffs in the Federal Lawsuit were all represented by the same counsel who represents Plaintiffs in this case.

9.      The plaintiffs in the Federal Lawsuit asserted claims against Cognizant for purported psychological and physical harms allegedly suffered as a result of reviewing content for Facebook. *Garrett-Alfred v. Facebook, Inc.*, No. 8:20-CV-0585, 2021 WL 1946699, at *1-2 (M.D. Fla. May 14, 2021). The plaintiffs asserted claims of fraudulent concealment and violation of FDUTPA. *Id.* at *4-6, 7-8. They also requested a medical monitoring fund, but did not allege medical monitoring as a separate count. *Id.* at *1-2, 4-6, 7-8.

10.     The plaintiffs in the Federal Lawsuit alleged they suffered injuries "including PTSD and other psychological disorders" as a result of Cognizant's conduct, and sought to recover damages including "lost pay, lost future earning capacity, emotional distress and loss of enjoyment of life." *Id.* at *8. They also sought a medical monitoring fund to be used to screen and treat the class members for various psychological and physical issues. *Id.* at *9.

11.     On May 14, 2021, the U.S. District Court for the Middle District of Florida dismissed the Federal Lawsuit for failure to state a claim. *Id.* at *4-9. The court dismissed the plaintiffs' FDUTPA claim with prejudice and the fraudulent concealment claim without prejudice. *Id.* at *4-8. The court further stated that

medical monitoring may not be applicable and was not adequately alleged, but there was no claim to be dismissed since the plaintiffs had not asserted medical monitoring as a separate count. *Id.* at *9.

## **This Action**

12.     Rather than seek leave to amend their complaint in the Federal Lawsuit, 13 of the 18 named plaintiffs and 118 of the putative class members in the Federal Lawsuit filed this new lawsuit in state court.

13.     This action is nearly identical to the Federal Lawsuit.

14.     Just as they did in the Federal Lawsuit, Plaintiffs have sued Cognizant based on the theory that Cognizant failed to disclose vague "dangers" associated with reviewing graphic images as part of Plaintiffs' job as content moderators. (Compl. ¶ 1.)

15.     Plaintiffs allege that reviewing graphic images caused Plaintiffs significant psychological trauma, including both posttraumatic stress disorder ("PTSD") and the more serious complex post trauma stress disorder ("C-PTSD"), as well as related physical injuries. (*Id.* ¶¶ 1, 58, 59, 78-79, 84.) Plaintiffs also continue to assert they are at risk for developing additional psychological and physical injuries in the future that require specialized screening and medical treatment. (*Id.* ¶¶ 72-92.)

16.     While Plaintiffs did not assert a FDUTPA claim since that claim was dismissed with prejudice in the Federal Lawsuit, Plaintiffs re-asserted an identical

fraudulent concealment claim and re-asserted their request for medical monitoring (this time as a stand-alone claim). (*Id.* ¶¶ 63-92.)

## DIVERSITY JURISDICTION

17.     This Court has diversity jurisdiction because (i) Plaintiffs and Cognizant are citizens of different states and (ii) at least one plaintiff seeks to recover more than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

18.     Plaintiffs are citizens of Florida. (Compl. ¶ 5.)

19.     Cognizant is a Delaware Corporation with its principal place of business in College Station, Texas. (Compl. ¶ 6.) Therefore, Cognizant is a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

20.     Since Plaintiffs and Cognizant are citizens of different states, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

21.     For jurisdictional purposes, Plaintiffs allege that they seek to recover "damages in excess of $30,000.00, exclusive of interest costs, and equitable relief." (Compl. ¶ 2.) The Complaint does not assign a dollar amount to the relief Plaintiffs seek, but the injuries alleged and damages sought show it is more likely than not that at least one of the 131 Plaintiffs (and most likely all Plaintiffs) is seeking to recover more than $75,000 in this action.

22.     A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

*Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The defendant is only required to present evidence supporting that plausible allegation if the allegation is challenged by the plaintiff or the court. *Id.*

23. However, the court may review any evidence submitted with the notice of removal, as well as make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the amount in controversy has been met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

24. A removing "defendant must prove only that the amount in controversy 'more likely than not' exceeds the jurisdictional requirement. The defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Holm v. Amica Mutual Ins. Co.*, No. 8:19-CV-1973, 2019 WL 9045102, at *1 (M.D. Fla. Oct. 11, 2019).

25. While alleged "minor, short-term injuries" are not sufficient to show the amount in controversy absent other evidence, complaints alleging "serious, lasting" injuries are "typically removable." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x. 880, 883 (11th Cir. 2020).

26. In this lawsuit, Plaintiffs claim to suffer from "significant," "extreme" and "severe" long-term injuries. Each of the 131 Plaintiffs alleges "***significant*** psychological trauma, PTSD, C-PTSD, as well as associated physical injuries." (Compl. ¶ 59) (emphasis added). Plaintiffs characterize their injuries as "***extreme*** psychological and physical harm." (*Id.* ¶ 60) (emphasis added). Plaintiffs also

claim their symptoms from those disorders and injuries are "***severe***." (*Id.* ¶ 81)
(emphasis added).

27.    For their PTSD and C-PTSD, Plaintiffs claim they need both
preventative measures and treatment. (*Id.* ¶ 84.) Plaintiffs explain that the
following treatments are "strongly recommended" for their condition for an
indefinite period of time:

- Cognitive behavioral therapy and trauma focused cognitive behavioral therapy;
- Cognitive processing therapy;
- Cognitive therapy; and
- Prolonged exposure therapy.

(*Id.* ¶ 86.)

28.    Plaintiffs further explain that additional treatments include:

- Brief eclectic psychotherapy;
- Eye movement desensitization and reprocessing; and
- Narrative exposure therapy.

(*Id.* ¶ 87.)

29.    Plaintiffs claim that each of them suffer not just from PTSD, but also
from C-PTSD, which Plaintiffs describe as a "long-term mental health condition
that is often difficult and relatively expensive to treat and often requires several
years of psychotherapy, modes of intervention and treatment by highly skilled,
mental health professionals who specialize in trauma informed modalities . . . ."
(*Id.* ¶ 84.)

30.    In addition to alleging generally that C-PTSD requires years of
expensive and specialized treatment, Plaintiffs specifically describe the treatments

necessary for C-PTSD as a combination of the treatments described above and approximately 15 other types of treatment, including biofeedback, sensorimotor psychotherapy, and neurofeedback treatment. (*Id.* ¶ 88.)

31.     These allegations alone show that, more likely than not, one or more of the plaintiffs is seeking more than $75,000 in damages, and the amount in controversy requirement for diversity jurisdiction has been met. *See Holm*, 2019 WL 9045102, at *1.

32.     But that is not all.  *Each* Plaintiff *also* claims to suffer from symptoms of physical behavioral issues and comorbidities associated with PTSD, which Plaintiffs have identified as including the following diseases or physical issues:

- Dysregulations in the systems that regulate stress response, including the hypothalamic-pituitary-adrenal axis;
- Development of a pro-inflammatory state;
- Autoimmune and inflammatory diseases and disorders;
- Extreme fatigue;
- Disassociation;
- Difficulty sleeping;
- Excessive weight gain;
- Anxiety;
- Nausea;
- Digestive issues;
- Cardiovascular disorders;
- Metabolic disorders;
- Musculoskeletal disorders;
- Rheumatoid arthritis;
- Psoriasis;
- Crohn's disease;
- Celiac disease;
- Cardiovascular problems;
- Strokes;
- Pain syndromes;
- Diabetes;

- Epilepsy;
- Dementia; and
- Onset or worsening of substance use disorder.

(*Id.* ¶ 76-81.)

33.     While Plaintiffs do not allege the amounts associated with treating these alleged physical injuries, the plaintiffs in the Federal Lawsuit did assign numbers to several of these physical ailments in the section of their Rule 26 disclosures regarding damages. (Exhibit B.) In their prior disclosure, the plaintiffs, which include all plaintiffs in this action, provided the yearly costs associated with the following physical ailments:

- Obesity **$92,235**
- Diabetes mellitus **$85,200**
- Heart disease **$83,980**
- Hypertension **$9,089**
- Stroke **$140,048**
- Cancer **$100,000**
- Epilepsy **$19,749**
- Lupus **$13,000**
- Inflammatory bowel disease **$416,352**
- Psoriasis **$11,498**
- Psoriatic arthritis **$22,713**
- Multiple sclerosis **$63,000**
- Chronic immune demyelinating polyneuropathy **$119,928**.

(Ex. B.) Plaintiffs also stated that the "actual costs are higher as these do not include hospitalizations, ancillary medications, procedures, physician visits, lost wages, etc." (*Id.*)

34.     In the Federal Lawsuit, the plaintiffs claimed that they suffered from physical injuries, including epilepsy and stroke. (Ex. A. ¶ 105.) According to the

numbers from plaintiffs, including thirteen named Plaintiffs in the Federal Lawsuit, the cost to treat just one plaintiff for stroke for one year would exceed $140,000, which is well above the $75,000 amount in controversy.

35.     Many other physical ailments recited in the complaint allegedly require treatment that would exceed the amount in controversy in just one year. (*See* Ex. B.) The amounts provided by plaintiffs, including at least 13 Plaintiffs in this lawsuit, in the Federal Lawsuit disclosures are also sufficient on their own to show the amount in controversy is met.

36.     Plaintiffs also claim they need screening, assessment, and diagnostic examinations "until it can be determined that psychological trauma is no longer a threat to their health." (*Id.* ¶¶ 72-92.)

37.     Plaintiffs therefore seek open-ended and ongoing specialized medical screening and treatment for no less than 20 different issues and/or co-morbidities through the establishment of a medical monitoring fund. (*Id.* ¶¶ 72-92.) Essentially, Plaintiffs seek indefinite screening and medical treatment for allegedly long-term and serious physical and psychological injuries. This medical monitoring cost is included in examining the amount in controversy for removal under 28 U.S.C § 1332(a). *See Jovine v. Abbott Labs., Inc.*, 2011 WL 1337204, at *5 (S.D. Fla. Apr. 7, 2011).

38.     Certainly, when the numbers associated with the physical injuries from the Rule 26 disclosures are considered in combination with the Plaintiffs' allegations of severe and extreme long-term injury, Plaintiffs' request for years of

expensive treatment for C-PTSD, and their request for indefinite and open-ended medical screening and treatment, it is all but certain that at least one plaintiff has put more than $75,000 at issue. Indeed, it would be reasonable to conclude that any one of these allegations, standing alone, more likely than not meets the amount in controversy threshold.

39.    Plaintiffs also seek other monetary damages for "lost pay, medical expenses, lost future earning capacity, emotional distress and loss of enjoyment of life" that will only further increase the amount at issue in this case. (Compl. p. 24.)

40.    Overall, Plaintiffs are seeking multiple forms of self-admittedly expensive damages and long-term treatment for allegedly serious, long-term injuries to both compensate for the actual damages Plaintiffs claim to have suffered and to provide Plaintiffs complete coverage for specialized medical screening and treatment of injuries that may arise into the indefinite future.

41.    While Cognizant will show that Plaintiffs should take nothing on their alleged claims, the allegations in the Complaint, in this Notice, and the evidence submitted shows the amount in controversy in this case exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C § 1332(a).

42.    Because complete diversity exists and the amount in controversy is satisfied, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a).

## JURISDICTION UNDER CAFA

43.     Alternatively, the Court also has jurisdiction over this "mass action" under the Class Action Fairness Act because (i) there are 100 or more Plaintiffs, (ii) there is minimal diversity between Plaintiffs and Defendant, (iii) the Plaintiffs' claims exceed the sum or value of $5,000,000 in the aggregate, and (iv) there is a commonality in that claims involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(6), (d)(11); *Lowery v. Alabama Power Co.*, 483 F.3d 1884, 1202-03 (11th Cir. 2007).

44.     The action was filed by 131 individual Plaintiffs. (Compl., pp. 2-4.) Thus, there are 100 or more plaintiffs. *See* 28 U.S.C. § 1332(d)(11)(B)(i).

45.     There is complete diversity in this action (*see supra* ¶¶ 18-20), so minimal diversity also exists. *See* 28 U.S.C § 1332(d)(2)(A), (d)(11)(A).

46.     CAFA confers federal subject matter jurisdiction over qualifying mass actions where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ." *See* 28 U.S.C § 1332(d)(2). The plaintiffs' claims in a mass action "shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C § 1332(d)(6).

47.     Here, the allegations in the Complaint, the allegations in this Notice, the evidence submitted, and the Court's "reasonable deductions, inferences, and extrapolations," (*See supra* ¶¶ 22-40), show Plaintiffs' claims, in the aggregate, exceed the $5,000,000 amount in controversy requirement for removal under

CAFA. *See* 28 U.S.C. § 1332(d)(6). To meet this threshold, damages as low as $38,169 per plaintiff would exceed the amount in controversy.

48.     As described in detail above, Plaintiffs all claim to have developed "severe" and "extreme" injuries, including PTSD, C-PTSD, and other "serious psychological and physical injuries" as a result of Cognizant's conduct. (Compl. ¶¶ 1, 47, 52, 57-59, 60, 70-71, 81.)

49.     Treating just one of the identified physical harms alleged — stroke — would exceed $140,000 for one plaintiff in just one year. (*See* Ex. B.) And numerous other identified physical diseases easily exceed the $38,168 average needed for CAFA jurisdiction. (*Id.*)

50.     Plaintiffs also seek treatment for PTSD and C-PTSD, and allege that C-PTSD alone requires years of expensive treatment. (Compl. ¶ 84.) Plaintiffs also seek damages for "lost pay, medical expenses, lost future earning capacity, emotional distress and loss of enjoyment of life." (*Id.* at p. 24.)

51.     The amount in controversy thus exceeds $5,000,000 in the aggregate, exclusive of interest and costs as required by 28 U.S.C § 1332(d)(6). Compensating 131 Plaintiffs for the alleged damages of psychological trauma and physical injuries, as well as "lost pay, medical expenses, lost future earning capacity, emotional distress and enjoyment of life" would certainly exceed $5,000,000.

52.     Plaintiffs also seek years of other treatment and indefinite medical screening and treatment for no less than 20 different diseases or disorders. (*Id.* ¶¶ 72-92.) The costs associated with indefinite screening and treatment for the

psychological and physical injuries Plaintiffs allege, coupled with their alleged actual damages, easily exceeds CAFA's $5,000,000 amount in controversy requirement. (*See* Ex. B.)

53.     For the reasons stated above, the amount in controversy has been established under CAFA. (*See supra* ¶¶ 22-4.)

54.     Finally, the commonality requirement is met because Plaintiffs brought their claims jointly. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 881 (11th Cir. 2013).

## PROCEDURAL COMPLIANCE

55.     This removal is timely because Cognizant has filed this Notice within its 30-day removal deadline. *See* 28 U.S.C. § 1446(b)(1).

56.     Venue is proper in this Court because the Middle District of Florida, Tampa Division embraces the Hillsborough County Circuit Court, where this action was pending. *See* 28 U.S.C. § 1441(a); M.D. Fla. L.R. 1.04(a).

57.     Cognizant has filed copies of all process, pleadings, orders and papers on file in the Hillsborough County Circuit Court. *See* 28 U.S.C. § 1446(a); M.D. Fla. L.R. 1.06(b).

58.     Cognizant will serve Plaintiffs' counsel with a copy of this Notice of Removal and its exhibits, and will file a copy with the clerk of the Hillsborough County Circuit Court. *See* 28 U.S.C. § 1446(d).

**CONCLUSION**

Defendant Cognizant Technology Solutions U.S. Corporation hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida to this Court. Removal to this Court is appropriate because the Court has diversity jurisdiction and alternatively has jurisdiction over this mass action in accordance with the provisions of CAFA.

Dated: August 25, 2021                    Respectfully submitted,

<div style="margin-left:40%">

*s/ Tori C. Simmons*
Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Tori C. Simmons (FBN 107081)
tori.simmons@hwhlaw.com
tricia.elam@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Telephone:  813-221-3900
Facsimile:  813-221-2900
*Attorneys for Defendant Cognizant*
*Technology Solutions U.S. Corporation*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, and that I will provide a copy of the foregoing to the following counsel for Plaintiffs by U.S. Mail and e-mail:

Jay P. Lechner, Esq.
Lechner Law
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
jplechn@jaylechner.com, shelley@jaylechner.com

*s/ Tori C. Simmons*
*Attorneys for Defendant Cognizant*
*Technology Solutions U.S.*
*Corporation*