**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NICHOLAS LOVELADY,**

     **Plaintiff,**

**v.**                         **CASE NO: 8:21-cv-2054-MSS-AEP**

**COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,**

     **Defendant.**

---

**ORDER**

Upon review of Defendant's Motion to Dismiss, (Dkt. 108), Plaintiff's response in opposition, (Dkt. 109), and Defendant's Reply, (Dkt. 113), the Court concludes that Plaintiff's intentional infliction of emotional distress ("IIED") count is due to be dismissed without prejudice.

**I.     Background**

Plaintiff premises his IIED claim on allegations that Defendant required Plaintiff to observe traumatic social media content during his employment for Defendant as a "process executive," failed to disclose to Plaintiff the danger of psychological harm posed by his exposure to the content, discouraged Plaintiff from accessing coping mechanisms that might have mitigated his resultant psychological harm, and targeted Plaintiff based on his disability and precarious economic status.

## II.   Discussion

"The elements of a claim for intentional infliction are (1) deliberate or reckless infliction of metal suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." Jenks v. Naples Cmty. Hosp., Inc., 829 F. Supp. 2d 1235, 1256 (M.D. Fla. 2011) (quoting Thomas v. Hospital Bd. of Directors of Lee County, 41 So. 3d 246, 256 (Fla. 2d DCA 2010)) (quotation marks omitted). "Additionally, the conduct must be so outrageous in character, and so extreme in degree, that it is considered atrocious [ ] and utterly intolerable in a civilized community." Id. (quoting Thomas, 41 So. 3d at 256) (quotation marks omitted; brackets in original). This standard is met "only in 'extremely rare circumstances.'" R.W. v. Armor Corr. Health Servs., Inc., 830 F. Supp. 2d 1295, 1304 (M.D. Fla. 2011) (quoting Gonzalez–Jimenez de Ruiz v. U.S., 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002)). "Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact." Owens-Benniefield v. Nationstar Mortg. LLC, 258 F. Supp. 3d 1300, 1322 (M.D. Fla. 2017) (quoting Gandy v. Trans World Comput. Tech. Grp., 787 So. 2d 116, 119 (Fla. 2d DCA 2001)).

"[T]he 'outrageous' conduct necessary to sustain a claim typically requires offensive physical contact." Garcia v. Character Techs., Inc., 785 F. Supp. 3d 1157, 1183 (M.D. Fla. 2025) (quoting McGinity v. Tracfone Wireless, Inc., 5 F. Supp. 3d 1337, 1341 (M.D. Fla. 2014)). "[G]iven the disfavored status of such [IIED] claims in employment actions, Florida courts will not find the Defendant's conduct to be

2

outrageous unless such conduct involves persistent verbal abuse coupled with repeated offensive physical contact." Jenks, 829 F. Supp. 2d at 1257 (quotation omitted); accord De La Campa v. Grifols Am., Inc., 819 So. 2d 940, 944 (Fla. 3d DCA 2002) (observing that "[f]ederal courts interpreting Florida law have allowed claims for intentional infliction of emotional distress in the workplace to go forward, where the claims involve persistent verbal abuse coupled with repeated offensive physical contact") (citing cases); Johnson v. Thigpen, 788 So. 2d 410, 413-14 (Fla. 1st DCA 2001); see also Williams v. Davey Tree Expert Co., No. 8:10-CV-2303-T-30TBM, 2011 WL 4055601, at *8 (M.D. Fla. Sept. 13, 2011); Wilson v. Wal-Mart Stores, Inc., No. 5:07-CV-394-OC-10GRJ, 2008 WL 11336703, at *12 (M.D. Fla. Nov. 10, 2008).

Plaintiff contends he need not allege physical contact to state an IIED claim against Defendant, characterizing the contact rule as a technicality that should be disregarded. Plaintiff does not marshal case law disputing or demonstrating exceptions to the contact rule routinely followed by courts applying Florida IIED law in the employment context. Plaintiff principally asserts that the contact rule should be cabined to cases "involv[ing] employers with ties to Florida communities[ ]" and "claims where traditional regulation of sexual and racial harassment appl[ies]" (Dkt. 109 at 11). The Court finds Plaintiff's arguments insufficient to depart from precedent. See, e.g., Howle v. City of Belle Glade, No. 08-80389-CIV, 2008 WL 11409055, at *1-3 (S.D. Fla. June 9, 2008) (no sexual or racial harassment basis for claim); Stanfield v. Suntrust Bank, No. 815CV01472EAKTBM, 2016 WL 899279, at *5-6 (M.D. Fla. Mar. 2, 2016) (same); Wilson v. Wal-Mart Stores, Inc., No. 5:07-CV-394-OC-10GRJ,

3

2008 WL 11336703, at \*12-13 (M.D. Fla. Nov. 10, 2008) (same).

### III.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss, (Dkt. 108), is **GRANTED**. Plaintiff's IIED claim is **DISMISSED WITHOUT PREJUDICE** because the Court is not convinced that extending Plaintiff an additional opportunity to allege an IIED claim would be futile. Plaintiff is **DIRECTED** to file, within **fourteen (14) days** of the date of this Order, a Fourth Amended Complaint that either (1) includes an IIED claim that remedies the defects identified in this Order if Plaintiff has a sufficient legal and factual basis for the claim; or (2) omits an IIED claim. Defendant is **DIRECTED** to file an answer or other response to the Fourth Amended Complaint within **twenty-one (21)** days of the date Plaintiff files the Fourth Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of February 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4